Filed 2/7/23 P. v. Gerardo CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079186 |
| v. | (Super.Ct.No. RIF078439) |
| JERRY LEE GERARDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent

Defendant and appellant Jerry Lee Gerardo appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We affirm.

## BACKGROUND

In December 1997, an affair defendant had been having with a woman who was separated from her husband ended after an argument.  Later the same day, in the course of a confrontation between defendant and the husband, the husband was killed by a single upward thrust of a knife directly to his heart.  A jury convicted defendant of second degree murder (§ 187, subd. (a)) and found true an allegation that he personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)).  The court sentenced him to a term of 15 years to life.  Defendant appealed from the judgment and we affirmed. (*People v. Gerardo* (Nov. 10, 2005, E035485) [nonpub. opn.].)

In May 2022, defendant filed a section 1172.6 petition.  Defendant was represented by counsel at the June 2022 status conference.  The People opposed the petition on the grounds defendant was the actual killer and no instructions on the felony murder rule, natural and probable consequences doctrine, or aiding and abetting were given to the jury.  Defendant's counsel submitted.  The trial court denied the petition and defendant appealed.

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity,  we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

2

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He does suggest a potentially arguable issue: whether the trial court erred when it found defendant ineligible for relief under section 1172.6 and denied his resentencing petition. Counsel also posits that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Upon receipt of the brief from counsel, we sent the following notice to defendant: "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v. Wende* (1979) 25 Cal.3d 436). The appellant is personally granted 30 days to file any supplemental brief deemed necessary." Defendant did not file a supplemental brief or letter.

## DISCUSSION

Contrary to defendant's claim, we are not required to conduct an independent review of the record in an appeal from a denial of a postconviction section 1172.6 petition in which appointed appellate counsel files a brief stating counsel was unable to find an arguable issue. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*); *People v. Griffin* (2022) 85 Cal.App.5th 329, 333.)

As our Supreme Court explained in *Delgadillo*, because an appeal from the denial of a section 1172.6 resentencing petition does not implicate a constitutional right to counsel, the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441-442, including an independent review of the record by Courts of Appeal, do not apply. (*Delgadillo*,

3

*supra*, 14 Cal.5th at p. 224.) The Court agreed, however, with the parties' suggestion that it provide guidance for counsel and courts to follow in postconviction appeals in which appointed appellate counsel finds no arguable issues. (*Id.* at p. 231.) It therefore invoked its inherent supervisory powers to prescribe a basic procedural framework for use in future section 1172.6 no-issues appeals, leaving it to the Courts of Appeal to tailor and develop additional procedures as they see fit. (*Id.* at pp. 231-232.)

The *Delgadillo* framework requires appointed appellate counsel who are unable to find an arguable issue to file a brief informing the appellate court of that determination, including a concise recitation of the facts bearing on the denial of the 1172.6 petition. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.* at pp. 231-232.)

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*) If it chooses to dismiss, it may do so with or without a written opinion. (*Ibid.*) In all cases, the Courts of Appeal have discretion to conduct an independent review of the record, whether or not defendant files a supplemental brief or letter. (*Ibid.*)

In *Delgadillo*, the Supreme Court suggested the appellate court is required to review the record if its notice to defendant of the right to file a supplemental brief is deficient. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) There, the appellate court's notice to Delgadillo advised him his counsel had filed a brief that did not raise any arguable issues and cited *Wende*, *supra*, 25 Cal.3d 436. (*Delgadillo*, at pp. 232-233.) The Supreme Court found the reference directly implicated *Wende* and could reasonably lead Delgadillo to conclude the Court of Appeal would conduct an independent review even if he did not submit a supplemental brief. (*Id.* at p. 233.) In addition, the notice did not caution him that failure to file a supplemental brief or letter might result in dismissal of his appeal as abandoned. (*Ibid.*) The Supreme Court found the notice was "suboptimal" and independently reviewed the record to determine whether the notice's deficiencies were harmless. (*Ibid.*) It found no error and affirmed. (*Ibid.*)

Here, the notice to defendant, like the notice in *Delgadillo*, included a reference to *Wende* and did not warn defendant that we might dismiss the appeal as abandoned if he did not file a supplemental brief. Accordingly, we conducted an independent review of the record in this case and found the deficiencies in our notice to defendant were harmless because, as the actual killer of the victim, he is not entitled to any relief under section 1172.6.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228 (*Delgadillo*).) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id.* at p. 232.)

Although we have discretion to conduct *Wende* review even when it is not required (*Delgadillo*, *supra*, 14 Cal.5th at p. 232), judicial discretion "'is not a whimsical, uncontrolled power.'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Delgadillo*, at p. 229.) For these reasons, routinely conducting *Wende* review when a no-issue brief is filed in an appeal from a postjudgment order, in the absence of any case-specific reason to conduct such a review, would appear to be an abuse of discretion.

For even stronger reasons, if we can determine without reading the entire record that the defendant is categorically ineligible for relief, then conducting *Wende* review

would appear to be an abuse of discretion.  In such a case, reading every page of the record to look for arguable grounds for reversal is futile, because we already know that the trial court's ruling was correct.  That is the case here:  Defendant was convicted as the actual killer who stabbed the victim to death, so it is impossible for him to make a prima facie case for relief under Penal Code section 1172.6.

*Delgadillo* observed that when appointed counsel files a no-issue brief and the court notifies the defendant of the right to file a personal supplemental brief, the notice is "suboptimal" if it cites *Wende* or does not state that the appeal may be dismissed as abandoned if no supplemental brief is filed. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.)  But in a case like this one, any such deficiencies in the notice are harmless under any standard. An optimal notice would not change the fact that defendant is ineligible for relief.

The majority opinion asserts that "[i]n *Delgadillo*, the Supreme Court suggested the appellate court is required to review the record if its notice to defendant of the right to file a supplemental brief is deficient." (Maj. opn., *ante*, at p. 5.)  That is incorrect.  In *Delgadillo*, the Court of Appeal dismissed, and the Supreme Court affirmed the judgment of the Court of Appeal even though the notice was "suboptimal."  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232, 224, 234.)

I respectfully dissent because there is no case-specific reason to conduct *Wende* review and there is a straightforward reason not to—we know without reading the entire

record that defendant is categorically ineligible, so reading every page of the record to look for arguable grounds for reversal is pointless. The appeal should be dismissed as abandoned.

MENETREZ _____
J.